**NUTTER McCLENNEN & FISH LLP**
Andrew V. Tenzer, Esq.
655 Third Avenue
New York, NY 10017
Telephone: (646) 440-8005
Fax: (646) 440-8105
atenzer@nutter.com
*Attorneys for Defendant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Acorda Therapeutics, Inc., et al.,[1]<br><br>                Liquidating Debtors. | Chapter 11<br><br>Case No. 24-22284 (DSJ)<br><br>Jointly Administered |
| Alexandre Zyngier, Liquidation Trustee of the Acorda Therapeutics Liquidation Trust,<br><br>                Plaintiff,<br><br>     v.<br><br>Xenon Property, LLC<br><br>                Defendant. | Adv. No. 26-07021 |

### ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

      Defendant Xenon Property, LLC. ("Defendant"), submits this Answer to the Complaint

filed in the above-captioned adversary proceeding by Alexandre Zyngier, Liquidation Trustee of

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A). For the purposes of these chapter 11 cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

the Acorda Therapeutics Liquidation Trust (the "Plaintiff"), and responds to the corresponding numbered paragraphs of the Complaint as follows:

## NATURE OF THE CASE

1. Paragraph 1 asserts legal conclusions and does not require a response. To the extent Paragraph 1 does not assert legal conclusions, Defendant admits that Plaintiff seeks to avoid transfers made by Civitas Therapeutics, Inc. (the "Debtor") pursuant to sections 547 and section 548 of the title 11, United States Code (the "Bankruptcy Code") and to recover such transfers pursuant to section 550 of the Bankruptcy Code, and otherwise denies the assertions contained in Paragraph 1.

2. Paragraph 2 asserts legal conclusions and does not require a response. To the extent Paragraph 2 does not assert legal conclusions, Defendant admits that Plaintiff seeks to disallow, pursuant to sections 502(d)and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against Debtor, and otherwise denies the assertions contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 asserts legal conclusions and does not require a response. To the extent Paragraph 3 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 3.

4. Paragraph 4 asserts legal conclusions and does not require a response. To the extent Paragraph 4 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 4.

5.	Paragraph 5 asserts legal conclusions and does not require a response. To the extent Paragraph 5 does not assert legal conclusions is without knowledge sufficient to admit or deny the allegations in Paragraph 5 and therefore denies the same.

6.	Paragraph 6 asserts legal conclusions and does not require a response. To the extent Paragraph 6 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 6.

## BASIS FOR RELIEF REQUESTED

7.	Paragraph 7 asserts legal conclusions and does not require a response. To the extent Paragraph 7 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 7.

## PROCEDURAL BACKGROUND

8.	Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 8 and therefore denies the same.

9.	Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 9 and therefore denies the same.

10.	Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 10 and therefore denies the same.

11.	Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 11 and therefore denies the same.

12.	Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 12 and therefore denies the same.

13. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 13 and therefore denies the same.

14. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 14 and therefore denies the same.

15. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 15 and therefore denies the same.

16. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 16 and therefore denies the same.

## THE PARTIES

17. Defendant admits that Alexandre Zygnier is the Plaintiff. Defendant otherwise is without knowledge sufficient to admit or deny the allegations in Paragraph 17 and therefore denies the same.

18. Defendant admits that Plaintiff is subject to the laws of the State of Massachusetts and otherwise denies the allegations in Paragraph 18.

19. Paragraph 19 asserts legal conclusions and does not require a response. To the extent Paragraph 19 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 19.

## FACTUAL BACKGEOUND

20. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 20 and therefore denies the same.

21. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 21 and therefore denies the same.

22. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 22 and therefore denies the same, except that Defendant admits that the Debtor continued to operate its business between January 2, 2024 and April 1, 2024.

23. Defendant admits that Defendant's predecessor, ARE-MA Region No. 46, LLC, and Debtor entered into the Lease Agreement, dated as of October 7, 2016 (as amended or supplemented from time to time, the "Lease," a copy of which is attached hereto as Exhibit A) and otherwise denies the allegations in Paragraph 23.

24. Defendant admits that the Lease is concerned and related to the Debtor's use of the Premises leased by Defendant, and otherwise denies the allegations in Paragraph 24.

25. Paragraph 25 asserts legal conclusions and does not require a response. To the extent Paragraph 25 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 25.

26. Paragraph 26 asserts legal conclusions and does not require a response. To the extent Paragraph 26 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 26.

27. Defendant admits that it received a letter from Plaintiff on or after September 23, 2025, and that such letter speaks for itself. Defendant otherwise denies the allegations set forth in Paragraph 27.

28.     Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 28 and therefore denies the same.

29.     Paragraph 29 asserts legal conclusions and does not require a response. To the extent Paragraph 29 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 29 and therefore denies the same.

30.     Paragraph 30 asserts legal conclusions and does not require a response. To the extent Paragraph 30 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 30 and therefore denies the same.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers - 11 U.S.C. § 547)

31.     Defendant admits, denies and does not respond to the assertions contained in Paragraph 31 of the Complaint to the same extent Defendant admitted, denied or did not respond to such assertions in the prior paragraphs of the Complaint.

32.     Paragraph 32 asserts legal conclusions and does not require a response. To the extent Paragraph 32 does not assert legal conclusions, Defendant admits that it received transfers in the amounts and on the dates set forth on Exhibit A to the Complaint (collectively, the "Transfers"), and otherwise denies the allegations in Paragraph 32.

33.     Paragraph 33 asserts legal conclusions and does not require a response. To the extent Paragraph 33 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 33 and therefore denies the same.

34. Paragraph 34 asserts legal conclusions and does not require a response. To the extent Paragraph 34 does not assert legal conclusions, Defendant admits that the Debtor was obligated to make payments to the Defendant under the Lease, and otherwise denies the allegations in Paragraph 34.

35. Paragraph 35 asserts legal conclusions and does not require a response. To the extent Paragraph 35 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 35.

36. Paragraph 36 asserts legal conclusions and does not require a response. To the extent Paragraph 36 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 36.

37. Paragraph 37 asserts legal conclusions and does not require a response. To the extent Paragraph 37 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 37 and therefore denies the same.

38. Paragraph 38 asserts legal conclusions and does not require a response. To the extent Paragraph 38 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 38.

39. Paragraph 39 asserts legal conclusions and does not require a response. To the extent Paragraph 39 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 39 and therefore denies the same.

40. Paragraph 40 asserts legal conclusions and does not require a response. To the extent Paragraph 40 does not assert legal conclusions, Defendant denies the assertions contained in Paragraph 40.

### COUNT II
### (Avoidance of Fraudulent Conveyances -  11 U.S.C. § 548(a)(1)(B))

41. Defendant admits, denies and does not respond to the assertions contained in Paragraph 41 of the Complaint to the same extent Defendant admitted, denied or did not respond to such assertions in the prior paragraphs of the Complaint

42. Paragraph 42 (including Part A, Part B and Part C thereof) asserts legal conclusions and does not require a response. To the extent Paragraph 42 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 42 and therefore denies the same.

43. Paragraph 43 asserts legal conclusions and does not require a response. To the extent Paragraph 43 does not assert legal conclusions, Defendant denies the same.

### COUNT III
### (Recovery of Avoided Transfers -  11 U.S.C. § 550)

44. Defendant admits, denies and does not respond to the assertions contained in Paragraph 44 of the Complaint to the same extent Defendant admitted, denied or did not respond to such assertions in the prior paragraphs of the Complaint.

45.     Paragraph 45 asserts legal conclusions and does not require a response. To the extent Paragraph 45 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 45 and therefore denies the same.

46.     Paragraph 46 asserts legal conclusions and does not require a response. To the extent Paragraph 46 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 46 and therefore denies the same.

47.     Paragraph 47 asserts legal conclusions and does not require a response. To the extent Paragraph 47 does not assert legal conclusions, Defendant denies the same.

## COUNT IV
### (Disallowance of Claims - 11 U.S.C. § 502(d) and (j))

48.     Defendant admits, denies and does not respond to the assertions contained in Paragraph 48 of the Complaint to the same extent Defendant admitted, denied or did not respond to such assertions in the prior paragraphs of the Complaint.

49.     Paragraph 49 asserts legal conclusions and does not require a response. To the extent Paragraph 49 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 49 and therefore denies the same.

50.     Paragraph 50 asserts legal conclusions and does not require a response. To the extent Paragraph 50 does not assert legal conclusions, Defendant admits that it has not paid the amount of the Transfers to Defendants and otherwise is without knowledge sufficient to admit or deny the allegations in Paragraph 50 and therefore denies the same.

51.     Paragraph 51 asserts legal conclusions and does not require a response. To the extent Paragraph 51 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 51 and therefore denies the same.

52.     Paragraph 52 asserts legal conclusions and does not require a response. To the extent Paragraph 52 does not assert legal conclusions, Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 52 and therefore denies the same.

## PRAYER FOR RELIEF

53.     Paragraphs A, B and C of the "Prayer for Relief" assert requests for legal relief and legal conclusions.  To the extent requiring a response, Defendant opposes all requests for relief and otherwise denies all allegations in the Prayer for Relief

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

54.     The Transfers were in payment of a debt incurred by the Debtor in the ordinary course of such Debtor's business and the Defendant, were made in the ordinary course of business of the Debtor and Defendant and were made according to ordinary business terms. Without limiting the foregoing, each of the Transfers constituted monthly Base Rent (as defined in the Lease) and other payments due on or before the first day of each calendar month under the Paragraph 3 of the Lease for the Premises (as defined in the Lease) in the ordinary course of business of the Debtor and the Defendant.

### Second Affirmative Defense

55.     After the Transfers were made, Defendant gave new value to a Debtor not secured by an otherwise unavoidable security interest and on account of which new value such Debtor

10

did not make an otherwise unavoidable transfer to or for the benefit of Defendant. Without limiting the foregoing, the Base Rent and other payments due under Paragraph 3 of the Lease are payments in advance for use of the Premises and after each of the Transfers the Debtor obtained the use and occupancy of the Premises under the Lease for the ensuing calendar month.

## Third Affirmative Defense

56. The Transfers were in satisfaction or securing of a present or antecedent debt of a Debtor or for which the Debtor received reasonably equivalent value on account of the alleged Transfer.

## Fourth Affirmative Defense

57. The Transfers were not transfers of an interest in property of a Debtor or of property of a Debtor's estate.

## Fifth Affirmative Defense

58. The Defendant is not liable to Plaintiff based on the earmarking doctrine.

## Sixth Affirmative Defense

59. No lien is preserved for the benefit of Plaintiff because none of the alleged Transfers was a transfer of property of the estate.

## Seventh Affirmative Defense

60. No claim of Defendant is disallowed under Section 502(d) of the Bankruptcy Code because no Debtor made an avoidable transfer to Defendant. No claims of Defendant must be reconsidered or disallowed under section 502(j) of the Bankruptcy Code because no Debtor made an avoidable transfer to Defendant.

## Eighth Affirmative Defense

61.     No claims of Defendant must be reconsidered or disallowed under section 502(j) of the Bankruptcy Code because no Debtor made an avoidable transfer to Defendant.

## **Ninth Affirmative Defense**

62.     The Plaintiff failed to state a claim upon which relief can be granted.

## **Tenth Affirmative Defense**

63.     The Plaintiff was not insolvent, was able to pay its debts as they became due and did not have an unreasonably small capital at the time of any of the Transfers.

Dated: June 4, 2026

Respectfully submitted,

Xenon Property, LLC

By its attorneys,

**NUTTER McCLENNEN & FISH LLP**

By: /s/ Andrew V. Tenzer
Andrew V. Tenzer, Esq.
655 Third Avenue
New York, NY 10017
atenzer@nutter.com
(646) 440-8005

Attorneys for Defendant